IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

2019 OCT -3  A 9:52

U.S. DISTRICT COURT
N.D. OF ALABAMA

CLINTON STRANGE,

Plaintiff

Case No. 6:19-CV-_1623_-_LSC_

v.

XYZ COMPANY,

Defendant

**CIVIL ACTION COMPLAINT**

**FOR WILLFUL AND KNOWING VIOLATIONS OF:**

**THE TELEPHONE CONSUMER PROTECTION ACT OF 1991**

**&**

**LOUISIANA CIVIL CODE ARTICLE 2315**

**Jury Trial Demanded**

## PRELIMINARY STATEMENT:

1. This is an action brought in good faith by an adult individual who is a natural person against Defendant XYZ COMPANY, a Fictitiously named Defendant who whose true identity is unknown to the Plaintiff at this time, but who on information and belief have violated Plaintiff's rights under the Fourth Amendment to the U.S. Constitution and further have also to Plaintiff's information and beliefs violated Federal Laws under the following State and U.S. Statutes:

THE TELEPHONE CONSUMER PROTECTION ACT OF 1991 ("TCPA")

47 U.S. Code § 227(c)(5);

47 U.S. Code § 227(b)(1)(a)(iii);

&

THE TRUTH IN CALLER ID ACT

47 U.S. Code § 227(e)(1);

As well as the Laws of The State of Louisiana:

THE LOUISIANA TELEPHONE CONSUMER RELIEF ACT;

THE LOUISIANA CALLER ID ANTI SPOOFING ACT;

&

Louisiana Civil Code Article 2315- Regarding Intentional Torts

2. The Defendant as alleged has been calling Plaintiff since on or before September 2018 on his wireless cellphone number 318-423-5057 to offer to Plaintiff unwanted solicitations of "Amazon Alexa Business Listings and SEO services", utilizing an Automated Telephone Dialing System, and or a Pre-recorded voice in the majority of their telephonic 'campaign' attempts to solicit the Plaintiff herein. Plaintiff has repeatedly told agents for the Defendant that he is not interested, and the Defendant herein has continued to call Plaintiff on his wireless cellphone number 318-423-5057, which is registered on the Federal Do-Not-Cal Registry as well as the State of Louisiana Do-Not-Call Program Registry, in violations of the parts foregoing and the Telemarketing Sales Rule regulated and promulgated by the U.S. Federal Trade Commission.

## JURISDICTION & VENUE:

3. **Jurisdiction** arises in this U.S District Court under Federal Question Jurisdiction pursuant to 28 U.S. Code § 1331 and also 47 U.S. Code § 227(g)(2).

4. **Supplemental Jurisdiction** (should the Court decide to exercise Supplemental Jurisdiction) is proper because Plaintiff's State Law causes of action are born out of the same *alleged* misconduct and tortious actions that *are* under Federal Question Jurisdiction pursuant to 28 U.S. Code § 1367.

5. **Venue** lies properly in this U.S. District Court because the Defendant's call utilized a number appearing on the Plaintiff's caller ID as having originated from within this U.S. District, and no fewer than nine (9) Alabama Consumers (who actually took the time to complain on-line to various consumer protection websites) were likewise victimized (Robocalled) by the Defendant herein. Venue lies proper in this U.S. District Court pursuant to 28 U.S. Code § 1391(b)(3), 28 U.S. Code § 1391(d), and 47 U.S. Code § 227(g)(4).

## THE PARTIES:

6. **Plaintiff** CLINTON STRANGE is an adult individual and a "person" as that term is defined under and as defined by 47 U.S.C. § 153(39). He resides at the address of:

    CLINTON STRANGE

    7021 WINBURN DRIVE

    GREENWOOD, LA 71033

7. **Defendant** XYZ COMPANY is a Fictitiously named Defendant, whose true identity is unknown to the Plaintiff at this time, but who is best described as a Telemarketer peddling services of Amazon Alexa Search Engine Optimization Services.

## FACTUAL ALLEGATIONS:
## SECTION I:
## WHAT THE TCPA IS

8. Congress passed the TCPA in 1991 to protect "the tranquility and privacy of [a person's home] … [from] intrusive and annoying interruptions." The bill's sponsor, Senator Ernest "Fritz" Hollings, described telemarketing calls as "the scourge of modern civilization. They wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone right out of the wall … These calls are a nuisance and an invasion of our privacy." The TCPA gives consumers the right to sue for any violations of the law involving automatic dialers, unsolicited cell phone calls, prerecorded messages, and do-not-call lists.

## SECTION II:
## THE FEDERAL LAWS AND REGULATIONS REGARDING ROBOCALLS

9. Defendants allegedly violated the Telemarketing Sales Rules as enforced by the United States Federal Trade Commission codified at 47 C.F.R. § 64.1200 et seq.

## SECTION III:
## HOW THE PLAINTIFF SOUGHT TO MITIGATE HIS DAMAGES

10. The Plaintiff registered his cellphone number 318-423-5057 on the U.S. Federal Trade Commission's Do-Not-Call Registry on January 3, 2018 [See Exhibit A].

11. The Plaintiff registered his wireless cellphone number 318-423-5057 with the Louisiana Public Service Commission on August 2, 2018 [See Exhibit B].

## SECTION IV:
## THE SPECIFIC DETAILS REGARDING THE INCIDENT REGARDING THIS ACTION

12. On September 25, 2019 at 1:38pm CST the Plaintiff received a Robocall placed to his cellphone number 318-423-5057 from a number appearing on his caller ID as coming from a Walker County, Alabama (City of Parrish, AL) phone number 205-832-6899 as depicted below.

Create contact

Update contact

(205) 832-6899

⇐ Sep 25 (Wed) 1:38 PM
00:00:53

**13.** The Plaintiff recollects that the aforementioned unlawful Robocall was in regard to an Amazon Alexa Search Engine Optimization Service, or alternatively an Amazon Alexa Business Listing.

## SECTION V:
## VICARIOUS LIABILITY AND LIABILITY OF THE OFFICERS AND DIRECTORS

14. The Defendant 's Officers and Directors are liable to the Plaintiff for damages caused by the unlawful Robocall (whether they directly placed the calls or whether a third party placed the call at their direction or command) both by statute and by the Doctrine of *Respondeat Superior* regardless of whether they placed the offending Robocall or they directed another to do so *See Lary v. The Doctors Answer, LLC., et al*. Case No. 5:12-cv-03510-CLS at *18 (N.D. Al. Mar. 8, 2013) finding that " In any event, "[t]he fact that the persons . . . acting [in violation of federal law] are acting for a corporation also, of course, may make the corporation liable under the doctrine of *respondeat superior*. It does not relieve the individuals of their responsibility." *Mead Johnson & Co. v. Baby's Formula Service, Inc.*, 402 F.2d 19, 23 (5th Cir. 1968) (alterations and emphasis supplied). In accordance with those principles: an officer may be personally liable under the TCPA if he had direct, personal participation in or personally authorized the conduct found to have violated the statute and was not merely tangentially involved. Individuals who directly (and here, Knowingly and willfully) violate the TCPA should not escape liability solely because they are corporate officers *See Texas v. American Blast Fax, Inc.*, 164 F. Supp. 2d 892, 898 (W.D. Tex. 2001) (emphasis supplied)."

## SECTION VI:
## THE DAMAGES AND HARM THE PLAINTIFF SUFFERED

15. The Plaintiff does not like to receive commercially solicitous Robocalls because they violate his privacy, intrude on his seclusion and solitude, and are a private nuisance that Plaintiff will not tolerate.

16. The Defendant's Robocall/s also caused the Plaintiff a measurable amount of damages in that they caused his cellphone to "awaken" from rest mode and [i]t began to illuminate, ring, and vibrate in response to the unwanted Robocall causing a measurable amount of battery depletion on Plaintiff's cellphone.

17. Plaintiff was temporarily dispossessed of his immovable property by Defendant's Robocall/s.

18. Plaintiff had to expend a measurable amount of both Physical and Mental energy and effort to walk to his cellphone, unlock it, "see" who may be calling, and endure the Robocall/s' pre-recorded voice message that was placed by the Defendant herein.

19. The Robocall/s that the Defendant placed to the Plaintiff's cellphone also distracted him from whatever he was doing before the illegal Robocall/s distracted him, and this caused him to be disrupted from his normal daily activities of living, and or caused him economic loss due to he could have been focused on something lucrative to his financial well-being rather than dealing with an unwanted Robocall soliciting him to purchase a service that he could never be interested in.

## SECTION VII:
## CONCLUSIONARY STATEMENTS

20. Southern US consumers are targeted heavily, and likely because the perpetrators of the Robocall 'scourge' think we (Southerners) are dumb and stupid and lack the intelligence to bring private actions to enforce the law. They would be wrong!

21. Northern Alabama consumers are heavily targeted and there are consumer protection websites such as YouMail.com that track Robocall Consumer

Complaints by major Market Areas, and North Eastern Alabama as late as August of 2019 was being devastated by Robocalls as shown below.



## THE COUNTS & CAUSES OF ACTION:

### COUNT I:
### (Plaintiff v. All Defendants)
### NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S. Code § 227(c)(5)

22. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

23. Subsection c of the TCPA makes it unlawful for a telemarketer to place more than one telemarketing call to a number registered on the Federal Do-Not-Call list in a twelve-month period.
24. Evidence presented at trial will show that the Defendants placed more than one telemarketing call to the Plaintiff's cellphone which is registered on the Do-Not-Call list within a twelve-month period.
25. To the extent the Court finds that this conduct was only negligent the Plaintiff seeks damages of $500.00 for each and every violation under this count.

## COUNT II:

## (Plaintiff v. All Defendants)

## WILLFUL AND KNOWING VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

## 47 U.S. Code § 227(c)(5)

26. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.
27. Subsection c of the TCPA makes it unlawful for a telemarketer to place more than one telemarketing call to a number registered on the Federal Do-Not-Call list in a twelve-month period.
28. Evidence presented at trial will show that the Defendants placed more than one telemarketing call to the Plaintiff's cellphone which is registered on the Do-Not-Call list within a twelve-month period.
29. To the extent the Court finds that this conduct was done willfully and knowingly the Plaintiff seeks damages of $1500.00 for each and every violation under this count.

## COUNT III:

## (Plaintiff v. All Defendants)

## NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

### 47 U.S. Code § 227(b)(1)(A)(iii)

30. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

31. Subsection b of the TCPA makes it unlawful for a telemarketer to place calls to a cellphone using an ATDS or a pre-recorded voice (message) without the written consent of the called party. The Defendants did not have the Plaintiff's consent.

32. Evidence presented at trial will show that the Defendants placed dozens of such calls to the Plaintiff's cellphone.

33. To the extent the Court finds that this conduct was only negligent the Plaintiff seeks damages of $500.00 for each and every violation under this count.

## COUNT IV:

## (Plaintiff v. All Defendants)

## WILLFUL AND KNOWING VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

### 47 U.S. Code § 227(b)(1)(A)(iii)

34. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

35. Subsection b of the TCPA makes it unlawful for a telemarketer to place calls to a cellphone using an ATDS or a pre-recorded voice (message) without the written consent of the called party. The Defendants did not have the Plaintiff's consent.

36. Evidence presented at trial will show that the Defendants placed dozens of such calls to the Plaintiff's cellphone.

37. To the extent the Court finds that this conduct was done willfully and knowingly the Plaintiff seeks damages of $1500.00 for each and every violation under this count.

## COUNT V:
## (Plaintiff v. All Defendants)
## NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

### 47 U.S. Code § 227(e)(1)

38. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

39. Plaintiff is unable to recover monetary damages under this count which alleges violations of the Truth In Caller ID Act as amended to the TCPA, but seeks injunctive relief enjoining the Defendants from future violations.

## COUNT VI:
## (Plaintiff v. All Defendants)
## WILLFUL AND KNOWING VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

### 47 U.S. Code § 227(e)(1)

40. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

41. Plaintiff is unable to recover monetary damages under this count which alleges violations of the Truth In Caller ID Act as amended to the TCPA, but seeks injunctive relief enjoining the Defendants from future violations.

42. While Plaintiff cannot recover money damages directly under this count the Plaintiff prays that the Court would consider violations of this section in its ruling when weighing *whether or not* to stack and treble the damages under the other counts and causes of action in the complaint.

## COUNT VII:
## (Plaintiff v. All Defendants)
## NEGLIGENT VIOLATIONS OF THE LOUISIANA TELEPHONE CONSUMER RELIEF ACT OF 2001
## Louisiana Revised Statute 45: §844.3

43. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

44. The statute under this count states: The commission shall investigate any complaints received concerning violations of this Chapter. If, after investigating any complaint, the commission finds that there has been a violation of this Chapter, the commission may impose a civil penalty not to exceed five hundred dollars for each violation against the telephone solicitor.

45. The Plaintiff will provide to the Louisiana Public Service Commission evidence garnered during discovery as it relates to this cause of action, and allow the Commission to investigate, and will provide the Court through Judicial Notice of the Commission's findings to aid the Court in determining whether or not it should award damages under this cause of action for Negligent Violations.

46. The Plaintiff is entitled to and seeks injunctive relief enjoining the Defendants from future violations of this part.

## COUNT VIII:

## (Plaintiff v. All Defendants)

## WILLFUL AND KNOWING VIOLATIONS OF THE LOUISIANA TELEPHONE CONSUMER RELIEF ACT OF 2001

### Louisiana Revised Statute 45: §844.3

47. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

48. The statute under this count states: The commission shall investigate any complaints received concerning violations of this Chapter.  If, after investigating any complaint, the commission finds that there has been a violation of this Chapter, the commission may impose a civil penalty not to exceed five hundred dollars for each violation against the telephone solicitor.

49. The Plaintiff will provide to the Louisiana Public Service Commission evidence garnered during discovery as it relates to this cause of action, and allow the Commission to investigate, and will provide the Court through Judicial Notice of the Commission's findings to aid the Court in determining whether or not it should award damages under this cause of action for Willful and Knowing Violations.

50. The Plaintiff is entitled to and seeks injunctive relief enjoining the Defendants from future violations of this part.

## COUNT IX:
## NEGLIGENT VIOLATIONS OF
## THE LOUISIANA CALLER ID ANTI-SPOOFING ACT OF 2009
### Louisiana Revised Statute 51: §1741.5

51. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

52. Plaintiff is a person who was adversely affected by violations under this cause of action regarding caller ID falsification, manipulation, and or spoofing because he suffered harm, loss, and injury as outlined in the complaint.

53. The Defendants violated this section with intent. To the extent that the Court finds that the intent was negligent in nature the Plaintiff seeks monetary damages to be determined by the Court or the trier of fact.

54. The Plaintiff is entitled to and seeks injunctive relief from further violations under this cause of action.

## COUNT X:
### (Plaintiff v. All Defendants)
## NEGLIGENT VIOLATIONS OF
## LOUISIANA CIVIL CODE ARTICLE 2315
### Trespass to Chattel

55. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

56. The Plaintiff alleges (in regard to his cellphone) that the Defendant dispossessed the Plaintiff of a corporeal movable (property/chattel) for the purposes of unjust enrichment which is a tort falling under the common law doctrine of *Delictual Fault*. In this instant case the Defendant owed a duty of

care as a Licensed sales professional (unless they are unlicensed) to the Plaintiff who is presumed to be a least sophisticated consumer to not cause the types of harm to the Plaintiff as described herein by means of tort feasance and Trespassing to Plaintiff's chattel.

57. The Plaintiff seeks only actual monetary damages for each and every violation under this cause of action at the discretion of the Court or alternatively the trier of fact.

58. The Plaintiff is entitled to and seeks injunctive relief from future violations of this part.

## PRAYER FOR RELIEF

**Jury Trial Demand;**

Plaintiff demands trial by jury on all issues so triable.

In regard to the Plaintiff's State Law Causes of Action Nos. VII through X the Plaintiff invokes Louisiana Civil Code 2324.1 which states:
"In the assessment of damages in cases of offenses, quasi offenses, and quasi contracts, much discretion must be left to the judge or jury".

**Prayer for Relief;**

WHEREFORE, Plaintiff seeks judgement in Plaintiff's favor and damages against the Defendants, based on the following requested relief:

Statutory Damages;
Actual Damages;
Treble Damages;
Stacked Damages;
Pre and Post Judgement Interest;
Enjoinder from further violations of these parts;
Costs of litigating the action together along with all reasonable attorney's fees (if any) and court costs;
And such other and further relief as may be necessary, just and proper.

Respectfully Submitted,

X _[signature]_                                       9-30-2019
Clinton Strange
Pro Se                                                Dated
7021 Winburn Drive
Greenwood, LA 71033
318-423-5057