# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# JASPER DIVISION

| | | |
|---|---|---|
| CLINTON STRANGE, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | 6:19-cv-01623-LSC |
| XYZ COMPANY, | ) ) | |
| Defendant. | ) ) ) ) ) | |

## MEMORANDUM OF OPINION AND ORDER

Plaintiff's motion for expedited discovery is before the Court. (Docs. 2 & 3). Plaintiff, Clinton Strange, brought this action pro se. He asserts consumer protection claims against an unknown defendant. The Complaint refers to Defendant by a fictitious name ("XYZ Company"). (Doc. 1.) The Plaintiff admits he "has no idea who the Defendant really is." (Doc. 2 at ¶ 2.) He hopes that, through expedited discovery, he "will learn the identity of the Defendant." (*Id.* at ¶ 10.) Then, Plaintiff hopes to "amend his complaint" and "arrange to have the Defendant lawfully served." (*Id.*). Because federal courts do not allow fictitious-party pleading, (1) Plaintiff's motion is due to be denied and (2) this case is due to be dismissed without prejudice.

**I.    BACKGROUND**

Beginning in September 2018, Plaintiff allegedly began receiving unwanted phone calls. (Doc 1 at ¶ 2.). These calls solicited him to purchase services from XYZ Company, despite Plaintiff having his telephone number listed on the federal and Louisiana Do-Not-Call registries. (*Id.*) On September 25, 2019, Plaintiff received a pre-recorded "Robocall" asking him to purchase "Amazon Alexa Business Listings and SEO services" from XYZ Company. (*Id.* at ¶¶ 2, 12.) Based on that unwanted robocall, Plaintiff filed this lawsuit.

Plaintiff filed a complaint against XYZ Company on October 03, 2019, asserting violations of the Telephone Consumer Protection Act of 1991 ("TCPA"), 47 U.S.C. § 227(b)(1)(A), the Truth in Caller ID Act of 2009 ("TICIA"), 47 U.S.C. § 227(e)(1), and several Louisiana state laws. (*Id.* at ¶ 1.).

On October 07, 2019, Plaintiff filed a motion for expedited discovery, seeking leave to serve a subpoena on a non-party Voice over Internet Protocol (VoIP) provider that issued the phone number used by XYZ Company. (Doc. 2.)

On December 5, 2019 Plaintiff filed an amended motion for expedited discovery, broadening his request to include leave to issue subpoenas to several additional non-parties that may (or may not) have information related to XYZ

Company's identity. (Doc. 3.)[1] In his amended motion, Plaintiff says he received additional unwanted phone calls from XYZ Company through different telephone numbers, and he now seeks to serve subpoenas on the VoIP providers that issued those additional telephone numbers. He further claims he purchased the services offered by XYZ Company and has narrowed its identity to whatever person or entity owns and operates the web user name "www.scoredriven.com," the web site from which he received a confirmation for his purchase of XYZ Company's services. (*Id.* at 3.) Based on his research regarding XYZ Company's website, Plaintiff now seeks to subpoena several additional non-parties, including the owner of a Florida rental property listed as the place of business on the same website. (*Id.* at 5.)

## II.   DISCUSSION

Federal courts generally do not allow fictitious-party pleading. *See Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1318 n. 4 (11th Cir. 2015) (quoting *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010). In *Williams v. Dekalb Cnty. Jail*, 638 F. App'x 976, 976–77 (11th Cir. 2016), also involving a pro se plaintiff, the Court explained that "a fictitious name . . . when the real defendant cannot be readily identified for service, is insufficient to sustain a cause of action."

---

[1]   For this Memorandum of Opinion and Order, the Court treats Plaintiff's Motion for Expedited Discovery (Doc. 2) and Amended Motion for Limited Expedited Discovery with Good Cause Showing Along with Documents in Support (Doc. 3) as a single motion for expedited discovery.

Federal courts' reluctance to allow fictitious-party pleading is consistent with Federal Rule of Civil Procedure 10(a), which commands litigants to "name all parties" in a Complaint's title.

A narrow exception exists. *See Dean v. Barber*, 951 F.2d 1210, 1215 n.6 (11th Cir. 1992). When a plaintiff describes an unnamed defendant with such specificity that naming him or her would be "surplusage," courts allow plaintiffs to proceed "without stating [the defendant's] name precisely." *Id.* at 1215–16. In *Dean*, a pro-se plaintiff sued state and county officials for injuries he suffered at a county jail. *Id.* at 1211–12. Without discovery, Dean could not name one of those officials—the "Chief Deputy of the Jefferson County Jail." *Id*. at 1215. But he knew the defendant's title, where the defendant worked, and he described the defendant well enough "to allow service of process." *Id.* at 1216. With that level of specificity, naming the defendant would be, "at the very worst, surplusage." *Id*. at 1215 n. 6.

That exception does not apply here. Unlike in *Dean*, Plaintiff "has no idea" who Defendant is. (Doc. 2 at ¶ 2.). And, unlike in *Dean*, Defendant's fictitious name is not specific enough to allow service of process. Plaintiff admits as much. (Doc. 2 at ¶ 10.) Without enough specificity to serve process, the general rule, which prohibits fictitious-party pleading, applies here.

Therefore, the Court will treat Plaintiff's Motion for Expedited Discovery like a motion for discovery "before an action is filed." Federal Rule of Civil Procedure

27(a) governs. Rule 27(a) mentions *one* tool for pre-suit discovery: depositions. *See* Fed. R. Civ. P. 27(a) (Before an action is filed, "[a] person who wants to perpetuate testimony about any matter . . . must ask for an order authorizing the petitioner to *depose* the named persons . . .") (emphasis added). By allowing *one* pre-suit discovery tool, Rule 27(a) impliedly disallows others (like subpoenas). *See Chevron U.S.A., Inc. v. Echazabal*, 536 U.S. 73, 80 (2002) ("[E]xpressing one item of an associated group or series excludes another left unmentioned.").

Accordingly, Plaintiff's Motion for Expedited Discovery (Docs 2 and 3)—an effort to subpoena non-parties to learn Defendant's identity—cannot be granted. Neither Rule 27(a) nor any federal other rule allows pre-suit subpoenaing of non-parties. The rules do not allow the relief Plaintiff seeks.

Some state-court rules, however, are more lenient. For instance, Rule 27 of the Alabama Rules of Civil Procedure "permits a person to file a verified petition seeking permission to obtain pre-suit discovery to 'perpetuate that person's own testimony or that of another person or to obtain discovery under Rule 34 or Rule 35 regarding any matter that may be cognizable in any court of this state.'" *Young v. Hyundai Motor Mfg. Alabama, LLC.*, 575 F.Supp.2d 1251, 1253 (M.D. Ala. 2008). While the Court is not suggesting Plaintiff should (or should not) file in state court, it notes that Alabama's civil rules allow more varieties of pre-suit discovery. *See In re Lucas*, No. 19-0321, 2019 WL 6138456, at *3 (S.D. Ala. Aug. 22, 2019)

(explaining how federal rule 27 is "stricter" than Rule 27 of Alabama's Rules of Civil Procedure).

### III.  CONCLUSION

The Court **DENIES** Plaintiff's Motion for Expedited Discovery (docs. 2 & 3). This action is due to be dismissed without prejudice. The Court will enter an Order of Dismissal contemporaneously. The clerk is **DIRECTED** to mail a copy of the foregoing to the plaintiff at the address listed on the Docket Sheet.

**DONE** and **ORDERED** on August 21, 2020.

> L. Scott Coogler
> United States District Judge

160704